UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| PATRICIA KENNEDY, Individually,<br><br>                    Plaintiff,<br><br>v.<br><br>PALMETTO PARK ROAD ASSOCIATES<br>LIMITED d/b/a WEST BOCA SQUARE and<br>TARGET CORPORATION,<br><br>                    Defendants.<br>_____/ | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. |

## COMPLAINT
(Injunctive Relief Demanded)

Plaintiff, PATRICIA KENNEDY, Individually, on her behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendants, PALMETTO PARK ROAD ASSOCIATES LIMITED d/b/a WEST BOCA SQUARE and TARGET CORPORATION, (sometimes referred to as "Defendants"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1.       Plaintiff is a Florida resident, lives in Broward County, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.  Plaintiff is unable to engage in the major life activity of walking and has limited use of her hands. Instead, Plaintiff is bound to ambulate in a wheelchair. Ms. Kennedy's access to the Defendants' property or to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations offered therein was

restricted or limited because of her disabilities, and will be restricted or limited in the future unless and until the Defendants are compelled to remove the barriers to access and remedy all ADA violations which exist at its property including those set forth in this complaint.

2.     Defendants own, lease, lease to, or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. The place of public accommodation that the Defendants own, operate, lease or lease to is known as West Boca Square, and is located in the County of Palm Beach.

3.     Venue is properly located in the Southern District because venue lies in the judicial district of the property situs. The Defendants' property is located in and does business within this judicial district.

4.     Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

5.     As the owners, lessors, lessees, or operators of the subject premises, Defendants are required to comply with the ADA. To the extent the property, or portions thereof, existed prior to January 26, 1993 ("pre-existing facility"), the owners, lessors, lessees, or operators have been under a continuing obligation to remove architectural barriers at that property whose removal was readily achievable, as required by 42 U.S.C. Section 12182. To the extent that the property, or portions

thereof, were constructed prior to January 26, 1993 ("newly constructed facility"), the owners, lessors, lessees, or operators were under an obligation to design and construct such facilities such that they are readily accessible to and usable by individuals with disabilities, as required by 42 U.S.C. Section 12183.  To the extent that the facility, or portions thereof, were altered in a manner that affects or could affect its usability ("altered facility"), the owners, lessors, lessees, or operators  were under an obligation to make such alterations in such a manner that, to the maximum extent feasible, the altered portions are readily accessible to and usable by persons with disabilities.

6.        Pursuant to 28 C.F.R. part 36.404, all newly constructed facilities were required to comply with the Standards For New Construction And Alterations, set forth in Appendix A to 28 C.F.R. part 36 ("ADAAG").  Pursuant to 28 C .F.R. part 36.404, all altered facilities were required to comply with the ADAAG to the maximum extent feasible.  Pursuant to 28 C.F.R. part 36.304, all measures taken to comply with barrier removal requirements of 42 U.S.C. Section 12182 must also comply with the ADAAG to the maximum extent feasible.  Failure to comply with these requirements constitutes a violation of the ADA.

7.        A preliminary inspection of the West Boca Square located at 21649-21753 S. State Road 7 Boca Raton, Palm Beach County, Florida and Target – West Boca Square 21637 S. State Road 7, Boca Raton, Palm Beach County, Florida have shown that violations exist.  These violations include, but are not limited to:

**COUNT 1: West Boca Square, 21649-21753 S. State Road 7, Boca Raton, FL**

**GENERAL**

1.  Defendant fails to adhere to a policy, practice and procedure to ensure that all goods, services and facilities are readily accessible to and usable by the disabled.

**ENTRANCE ACCESS AND PATH OF TRAVEL**

2.  The only paved path of travel from the public sidewalk and transportation stop on State Road 7 to the facility is on the property that is owned by Burger King and Target and includes a running slope greater than 1:20 (5%) without the provision of handrails. (1991 ADAAG Sections 4.3.2(1); 4.3.7; 4.3.8; 4.5.1; 4.5.2; 4.8.5; 2010 ADAAG Sections 206.2.1; 303.4; 402.2; 403.3; 405.8; 505)

3.  The only paved path of travel from the public sidewalk and transportation stop on State Road 7 to the facility includes curb ramps with running slopes greater than 1:12 (8.33%). This area is on the property that is owned by Target. (1991 ADAAG Sections 4.3.2(1); 4.3.7; 4.3.8; 4.5.1; 4.5.2; 4.7.2; 4.8.2; 2010 ADAAG Sections 206.2.1; 303.4; 402.2; 403.3; 405.2; 406.1)

4.  The only other access point to the facility does not have a paved path of travel from the public sidewalk and transportation stop on State Road 7. (1991 ADAAG Sections 4.3.2(1); 4.5.1; 2010 ADAAG Sections 206.2.1; 402.2)

5.   The Radio Shack store has a threshold greater than ½" high at the entrance.
     (1991 ADAAG Sections 4.3.2(2); 4.13.8; ADAAG Sections 206.2.2; 404.2.5)

6.   The Floors to Go store has a threshold greater than ½" high at the entrance.
     (1991 ADAAG Sections 4.3.2(2); 4.13.8; ADAAG Sections 206.2.2; 404.2.5)

7.   The Babies R Us store has a threshold greater than ½" high at the exit. (1991
     ADAAG Sections 4.3.2(2); 4.13.8; ADAAG Sections 206.2.2; 404.2.5)

8.   The path of travel from the accessible parking spaces in front of the Weight
     Watchers store leads to a curb ramp with a running slope greater than 1:12
     (8.3%). (1991 ADAAG Sections 4.3.2(1); 4.3.8; 4.5.2; 4.7.2; 4.8.2; 2010
     ADAAG Sections 206.2.1; 303.4; 402.2; 405.2; 406.1)

9.   The path of travel from the accessible parking spaces on the north side of the
     Babies R Us store leads to a curb ramp with a running slope greater than 1:12
     (8.3%). (1991 ADAAG Sections 4.3.2(1); 4.3.8; 4.5.2; 4.7.2; 4.8.2; 2010
     ADAAG Sections 206.2.1; 303.4; 402.2; 405.2; 406.1)

10.  The path of travel from the accessible parking spaces on the south side of the
     Babies R Us store leads to a curb ramp with a running slope greater than 1:12
     (8.3%). (1991 ADAAG Sections 4.3.2(1); 4.3.8; 4.5.2; 4.7.2; 4.8.2; 2010
     ADAAG Sections 206.2.1; 303.4; 402.2; 405.2; 406.1)

**TENANT SPACES**

**Lucky Palace Chinese Restaurant – 21659 S State Rd 7, Boca Raton, FL 33428**

**WOMEN'S RESTROOM**

11. Latch side clearance of 18" is not provided on the pull side of the restroom door. (1991 ADAAG Sections 4.13.6; Figure 25; 2010 ADAAG Section 404.2.4)

12. Latch side clearance of 18" is not provided on the pull side of the accessible toilet compartment door. Also the compartment door lacks pull hardware on both sides. (1991 ADAAG Sections 4.13.6; Figure 25; 2010 ADAAG Sections 404.2.4; 604.8.1.2)

13. The toilet flush control is not mounted on the open side of the clear floor space, the toilet paper dispenser is mounted less than 12" above the side grab bar, there is no rear grab bar, and the water closet seat height is more than 19" maximum above the finish floor in the accessible toilet compartment. (1991 ADAAG Sections 4.16.3; 4.16.5; 4.17.6; Figure 30; 2010 ADAAG Sections 604.5.2; 604.6; 604.8.1.5; 609.3)

14. The bottom edge of the reflecting surface on the mirror inside the accessible toilet compartment is higher than 40" maximum above the finish floor. (1991 ADAAG Section 4.19.6; 2010 ADAAG Section 603.3)

15. The soap dispenser bottle in the accessible toilet compartment requires tight grasping and pinching. (1991 ADAAG Section 4.27.4; 2010 ADAAG Section 309.4)

16. The lavatory outside the accessible toilet compartment does not allow for the minimum required knee depth, the lavatory faucet requires tight grasping and twisting of the wrist to operate, and the pipes are not properly insulated. (1991

ADAAG Sections 4.19.2; 4.19.4; 4.19.5; 4.27.4; 2010 ADAAG Sections 306;
309.4; 606.2; 606.4; 606.5)

17. The bottom edge of the reflecting surface on the mirror outside the accessible
toilet compartment is higher than 40" maximum above the finish floor. (1991
ADAAG Section 4.19.6; 2010 ADAAG Section 603.3)

**Long Island Bagel & Deli – 21667 S State Rd 7, Boca Raton, FL 33428**

**ACCESS to GOODS and SERVICES**

18. The exterior seating does not provide toe clearance that extends 17" minimum
under the tables. (1991 ADAAG Sections 4.1.3(18); 4.32.3; 2010 ADAAG
Sections 226; 305.4; 306.2.3; 902.2)

**WOMEN'S RESTROOM**

19. Latch side clearance of 18" is not provided on the pull side of the restroom
area door. (1991 ADAAG Sections 4.13.6; Figure 25; 2010 ADAAG Section
404.2.4)

20. The Women's restroom door swings into the room, which does not allow for
the required clear floor space within the restroom and it can't close with a
person in a wheelchair in the restroom. (1991 ADAAG Sections 4.2.3; 4.16.2;
4.22.2; 4.22.3; 2010 ADAAG Sections 304.4; 604.3)

21. The toilet paper dispenser is mounted less than 1 ½" under the rear grab bar,
which obstructs its use and the top of the gripping surfaces on the grab bars is
higher than 36" above the finish floor. (1991 ADAAG Sections 4.16.4; Figure
29; 2010 ADAAG Sections 609.3; 609.4)

22. The pedestal lavatory does not allow for the minimum required knee and toe clearances. (1991 ADAAG Section 4.19.2; 4.19.3; 2010 ADAAG Section 306; 606.2)

**Leslie's Pool Supplies – 21735 S State Rd 7, Boca Raton, FL 33428**

**WOMEN'S RESTROOM**

23. The restroom door has knob hardware that requires tight grasping and twisting of the wrist to operate. (1991 ADAAG Sections 4.13.9; 4.27.4; 2010 ADAAG Sections 309.4; 404.2.7)

24. The top of the gripping surfaces on the grab bars is higher than 36" above the finish floor, the centerline of the water closet is more than 18" from the side wall, and there is no side grab bar. (1991 ADAAG Sections 4.16.2; 4.16.4; Figure 28; Figure 29; 2010 ADAAG Sections 604.2; 604.5.1; 609.3; 609.4)

25. The soap dispenser bottle in the accessible toilet compartment requires tight grasping and pinching. (1991 ADAAG Section 4.27.4; 2010 ADAAG Section 309.4)

26. The bottom edge of the reflecting surface on the mirror is higher than 40" maximum above the finish floor. (1991 ADAAG Section 4.19.6; 2010 ADAAG Section 603.3)

**Lenny's Pizza Restaurant– 21747 S State Rd 7, Boca Raton, FL 33428**

**WOMEN'S RESTROOM**

27. The Women's restroom door swings into the room, which does not allow for the required clear floor space within the restroom and it can't close with a

person in a wheelchair in the restroom. (1991 ADAAG Sections 4.2.3; 4.16.2; 4.22.2; 4.22.3; 2010 ADAAG Sections 304.4; 604.3)

28. The lavatory pipes are not properly insulated. (1991 ADAAG Section 4.19.4; 2010 ADAAG Section 606.5)

29. The bottom edge of the reflecting surface on the mirror is higher than 40" maximum above the finish floor. (1991 ADAAG Section 4.19.6; 2010 ADAAG Section 603.3)

30. The paper towel dispenser is mounted higher than 54" above the finish floor. (1991 ADAAG Sections 4.2.5; 4.2.6; 4.27.3; 2010 ADAAG Sections 308; 309.3)

31. The toilet paper dispenser is mounted less than 12" above the side grab bar and the toilet paper rolls are not located within the dispenser. Accessible features are not properly maintained. (28 CFR 36.211; 1991 ADAAG Section 4.16.6; Figure 29; 2010 ADAAG Section 609.3)

**COUNT 2 – Target –West Boca Square, 21637 S. State Road 7, Boca Raton, FL**

**GENERAL**

1. Defendant fails to adhere to a policy, practice and procedure to ensure that all goods, services and facilities are readily accessible to and usable by the disabled.

**ENTRANCE ACCESS AND PATH OF TRAVEL**

2.  The path of travel from the public sidewalk and transportation stop on State Road 7 to the facility includes a running slope greater than 1:20 (5%) without the provision of handrails. (1991 ADAAG Sections 4.3.2(1); 4.3.7; 4.3.8; 4.5.1; 4.5.2; 4.8.5; 2010 ADAAG Sections 206.2.1; 303.4; 402.2; 403.3; 405.8; 505)

3.  The path of travel from the public sidewalk and transportation stop on State Road 7 to the facility includes curb ramps with running slopes greater than 1:12 (8.33%). (1991 ADAAG Sections 4.3.2(1); 4.3.7; 4.3.8; 4.5.1; 4.5.2; 4.7.2; 4.8.2; 2010 ADAAG Sections 206.2.1; 303.4; 402.2; 403.3; 405.2; 406.1)

**PUBLIC RESTROOMS - WOMEN'S RESTROOM**

4.  Latch side clearance of 18" is not provided on the pull side of the restroom door and the automatic door opener is not functioning. Accessible features are not properly maintained. (28 CFR 36.211; 1991 ADAAG Sections 4.13.6; Figure 25; 2010 ADAAG Section 404.2.4)

5.  The centerline of the water closet is more than 18" from the side wall and the water closet seat height is more than 19" maximum above the finish floor in the accessible toilet compartment. (1991 ADAAG Sections 4.16.3; 4.17.3; Figure 30(a); 2010 ADAAG Sections 604.2; 604.4)

6.  The lavatory pipes inside and outside the accessible toilet compartment are not properly insulated. (1991 ADAAG Section 4.19.4; ADAAG Section 606.5)

7. The paper towel dispensers inside and outside the accessible toilet compartment require tight grasping with both hands. (1991 ADAAG Section 4.27.4; 2010 ADAAG Sections 309.4)

8. The bottom edges of the reflecting surface on the mirrors outside the accessible toilet compartment are higher than 40" maximum above the finish floor. (1991 ADAAG Section 4.19.6; 2010 ADAAG Section 603.3)

9. The paper towel dispenser in the accessible toilet compartment is not stocked and the only paper towels are on a roll mounted on top of the dispenser. The paper towel dispenser outside the accessible toilet compartment is not stocked and the only paper towels are on rolls mounted on a shelf below the mirrors leaving them greater than 48" above the finish floor. Accessible features are not properly maintained. (28 CFR 36.211; 1991 ADAAG Sections 4.2.5; 4.27.3; 2010 ADAAG Sections 308.2; 309.3)

8. Plaintiff has visited the property which forms the basis of this lawsuit and plans to return to the property in the near future to avail herself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA compliant. The Plaintiff has encountered barriers at the subject property which discriminate against her on the basis of her disability.

9. In the alternative, Plaintiff is an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting her civil rights and monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA.

10.        The violations present at Defendants' facility, create a hazard to Plaintiff's safety.

11.        Plaintiff is continuously aware of the violations at Defendants' facility and is aware that it would be a futile gesture to return to the property as long as those violations exist unless she is willing to suffer additional discrimination.

12.        The violations present at Defendants' facility infringe Plaintiff's right to travel free of discrimination.  Plaintiff has suffered, and continues to suffer, frustration and humiliation as the result of the discriminatory conditions present at Defendants' facility. By continuing to operate a place of public accommodation with discriminatory conditions, Defendants contribute to Plaintiff's sense of isolation and segregation and deprives Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.  By encountering the discriminatory conditions at Defendants' facility, and knowing that it would be a futile gesture to return unless she is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting the same accommodations readily available to the general public and is deterred and discouraged from additional travel.  By maintaining a public accommodation with violations, Defendants deprive plaintiff the equality of opportunity offered to the general public.

13.        Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendants' discrimination until the Defendants are compelled to comply with the requirements of the ADA.

14.      Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 7 of this Complaint.  Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendants. Plaintiff desires to visit the West Boca Square not only to avail herself of the goods and services available at the property but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

15.      The Defendants have discriminated against the Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject property, as prohibited by 42 U.S.C. § 12182 et seq.

16.      The discriminatory violations described in paragraph 7 are not an exclusive list of the Defendants' ADA violations.  Plaintiff requires the inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above.  The Plaintiff and all others similarly situated will

continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.   In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

17.     Defendants have discriminated against the Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continue to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

18.     Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

19.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendants to alter the West Boca Square to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendants cure their violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a.      The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq..

b.      Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.      An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

     d.      Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

          Respectfully Submitted,

|  | Thomas B. Bacon, P.A.<br>621 South Federal Highway, Suite Four<br>Fort Lauderdale, Florida 33301<br>954-462-0600<br>fax 954-462-1717<br>cullen@thomasbaconlaw.com<br>Florida Bar. Id. No. 167853<br><br>By:/s/ Philip Michael Cullen, III, |
|  |  |